### GREENBERG v. LUMB.

(Supreme Court, Appellate Term. May 4, 1911.)

1. CONTRACTS (§ 282*)—WORK TO BE DONE IN "SATISFACTORY" MANNER.

Under a contract to do work in a "satisfactory" manner, the contractor is not bound to satisfy the owner, but only do the work in a manner that ought to satisfy.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1284–1289; Dec. Dig. § 282.*

For other definitions, see Words and Phrases, vol. 7, pp. 6334, 6335.]

2. CONTRACTS (§§ 295, 320*)—SUBSTANTIAL PERFORMANCE.

While a contractor for erecting a fence similar to another can recover only if he has substantially performed his contract, yet if defects in the work are not pervasive, do not amount to a deviation from the general plan, and are not so essential that they may not be remedied without difficulty, the contract is substantially performed; and he, having in good faith intended to comply with the contract, may recover the contract price, less the amount requisite to indemnify the owner for the expense of conforming the work to the contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1352–1362, 1493–1527; Dec. Dig. §§ 295, 320.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Tewe Greenberg against Charles E. Lumb. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and GERARD, JJ.

J. Silverstein, for appellant.
Miller & Bretzfelder, for respondent.

GERARD, J. Defendant and plaintiff's assignor, the White Iron Works, entered into a written contract whereby the Iron Works agreed to furnish and erect a fence similar to the present one in front of premises owned by defendant, using the present railing, which was to be repaired and reset in a satisfactory manner, for the sum of $175. Defendant, in accepting the written proposal, wrote: "Same to be done

in a workmanlike manner." The defense was that the work was not properly done. The court gave judgment for the defendant.

[1] The plaintiff's assignor was not bound to satisfy the defend-- ant. It was only bound to do the work in a manner that ought to sat- isfy. [2] Testimony was excluded tending to show that, assuming the condition of the fence as set to be as defendant's witnesses testi- fied, it would cost a certain sum to remedy those defects. This was error. It is true that plaintiff can recover only if he had substantially performed his contract. But if the defects are not pervasive, do not amount to a deviation from the general plan, and are not so essential that they may not be remedied without difficulty, then the contract will be held substantially performed, and the plaintiff, who in good faith intended to comply with the contract, will be allowed to recover the contract price, less the amount requisite to indemnify the owner for the expense of conforming the work to the contract. Crouch v. Gut- mann, 134 N. Y. 45, 31 N. E. 271, 30 Am. St. Rep. 608; Fuchs v. Saladino, 133 App. Div. 710, 118 N. Y. Supp. 172.

Without passing on the question of fact as to whether the contract was substantially performed or not, I think there should be a new trial.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.