(89 Misc. Rep. 454)

LINDEBERG et al. v. HODGENS.

(Supreme Court, Appellate Term, First Department. March 18, 1915.)

1. CONTRACTS ⬬319—SUBSTANTIAL PERFORMANCE—RECOVERY.

In an action to recover an agreed price for alleged completed services by architects, negligence in the performance of the services, irrespective of the amount of the damages thereby caused, did not defeat the entire cause of action, since, where the damage from such negligence was slight and the performanse was substantial, the plaintiff might recover the agreed price, less the cost of supplying the defects.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1458, 1476, 1477, 1479, 1493–1507; Dec. Dig. ⬬319.]

2. CONTRACTS ⬬328—NEGLIGENT PERFORMANCE—RECOUPMENT AND COUNTERCLAIM.

An architect, who under his contract of employment assumes the duty of supervision, must exercise due care in its performance, and his negli-

---

⬬For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

gence gives the employer, who has accepted the services, a cause of action for damages, as a matter of recoupment and counterclaim, and not as a defense in bar.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1571–1584; Dec. Dig. ☞328.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Harrie T. Lindeberg and another against Thomas M. Hodgens. From a judgment entered on a verdict for defendant, and from an order denying a motion for a new trial, plaintiffs appeal. Reversed, and judgment directed for plaintiffs.

See, also, 148 N. Y. Supp. 153.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

C. H. & J. A. Young, of New York City (Albert Ritchie, of New York City, of counsel), for appellants.

Blair & Rudd, of New York City (Arthur B. King, of New York City, of counsel), for respondent.

PENDLETON, J. The action is for a balance alleged to be due plaintiffs as architects for services in preparing plans and superintendence of certain alterations in a dwelling house for defendant for an agreed price of 10 per cent. of the cost and disbursements. The answer alleged negligence on plaintiffs' part in superintendence, by reason whereof inferior work and materials were allowed to be used, but did not allege any specific amount as or for damages.

At the trial plaintiffs proved the agreement, the cost of the work, their disbursements, the completion of the alterations, the issuing of the architects' final certificate, and that defendant had thereafter entered into possession of the dwelling, resided therein with his family for a considerable time, and paid part of plaintiffs' bill. Thereupon plaintiffs rested. Evidence on behalf of the defendant was then admitted over plaintiffs' objection, claimed to show certain defects in construction, evidenced by shrinkage of woodwork some time after defendant had taken possession of the premises, and in other ways, due to plaintiffs' negligence in supervision. No evidence was given of any amount of damages thereby suffered by defendant.

[1] The case was tried throughout over plaintiffs' repeated objections, on the theory that, in an action to recover an agreed price for alleged completed services, negligence by plaintiffs in the performance of the services, irrespective of the amount of damage thereby caused, defeats the entire cause of action, and evidence by plaintiffs to show the small amount of damage was excluded. This was error. Otherwise negligence, however innocuous, would defeat a recovery, no matter how extensive or otherwise meritorious the services may have been. Turner v. Kouwenhoven, 100 N. Y. 115, 2 N. E. 637. The ruling was error, whether considered from the point of view of an action on the theory of substantial performance, in which case the plaintiff recovers the amount of the contract, less the cost of supplying

the defects (Crouch et al. v. Gutmann, 134 N. Y. 45, 31 N. E. 271, 30 Am. St. Rep. 608; Fuchs v. Saladino, 133 App. Div. 710, 118 N. Y. Supp. 172; Greenberg v. Lumb, 129 N. Y. Supp. 182), or that plaintiffs' negligence gave defendant an independent cause of action to be set up by counterclaim where damages must be alleged and proved.

[2] An architect, where supervision is part of the duties assumed by him under the contract of employment, is bound to exercise due care in the performance of such duty and negligence on his part gives the employer a cause of action for damages. Clinton v. Boehm, 139 App. Div. 73, 124 N. Y. Supp. 789; Straus v. Buchman, 96 App. Div. 270, 89 N. Y. Supp. 226; Petersen v. Rawson, 34 N. Y. 370. Such a cause of action is matter of recoupment and counterclaim, and not matter of defense in bar. Deeves v. Manhattan Ins. Co., 195 N. Y. 324, 88 N. E. 395. In Nichols v. Dusenbury, 2 N. Y. 283, at page 286, the court says:

"The plea is relied on by way of recoupment. But that is a matter which is never pleaded in bar. It is in the nature of a cross-action. The right of the plaintiff to sue is admitted; but the defendant says he has been injured by the breach of another branch of the same contract on which the action is founded, and claims to stop, cut off, or keep back so much of the plaintiff's damages as will satisfy the damages which have been sustained by the defendant. If such a matter could be pleaded in bar of the action, it would be necessary, to aver that the defendant's damages exceeded, or were at the least equal to those due to the plaintiff; for otherwise the plea would not answer the whole action, and would be bad for that reason. But it is not a case for pleading in bar under any circumstances."

In Clark v. Fernoline Chemical Co. (Super. N. Y.) 5 N. Y. Supp. 190, it was held that negligence in the performance of services is no defense to an action for services rendered. The only remedy of the employer in such case is to recoup the damages sustained by him. Defendant in the case at bar having accepted the alterations and taken possession, the services had been terminated, and all that survived was a liability for any damages resulting from negligence. As was pointed out in Turner v. Kouwenhoven, 100 N. Y. 115, 2 N. E. 637, actions for an unlawful discharge, where negligence in performance by plaintiff is set up as a defense, are not analogous. In the same category, as was shown in Deeves v. Manhattan Ins. Co., 195 N. Y. 324, 88 N. E. 395, are actions for refusal to accept and pay, such as Vassear v. Livingston, 13 N. Y. 248. In actions by brokers and attorneys, fraud and bad faith are matters of defense and defeat the entire cause of action. Dickinson v. Tysen, 209 N. Y. 395, 103 N. E. 703; Chatfield v. Simonson et al., 92 N. Y. 209; Abel v. Disbrow, 15 App. Div. 536, 44 N. Y. Supp. 573; Norman v. Reuther, 25 Misc. Rep. 161, 54 N. Y. Supp. 152; Nichols v. Greenstreet, 71 Misc. Rep. 196, 130 N. Y. Supp. 843. But this is on the ground that willfully dishonest service in such cases, where trust and confidence is imposed, is no service at all in the eye of the law. Dishonesty stands on a distinctly different basis from negligence. Turner v. Kouwenhoven, 100 N. Y. 115, 2 N. E. 637; Clark v. Fernoline Chemical Co., (Super. N. Y.) 5 N. Y. Supp. 190. In N. Y. & N. H. Sprinkler Co. v. Andrews, 38 App. Div. 56, 55 N. Y. Supp. 1020, the defects were so serious and radical as to affect the whole character of the work.

The facts proven not constituting a defense, plaintiffs' motion to direct a verdict should have been granted.

Judgment reversed, and judgment directed for plaintiffs for amount claimed, with costs in both courts. All concur.