CITY OF DURHAM, A MUNICIPAL CORPORATION, PLAINTIFF v. REIDSVILLE ENGINEERING COMPANY, INC., AND UNITED STATES CASUALTY COMPANY AND FRANK R. PENN, DEFENDANTS AND W. M. PIATT, III, AND P. D. DAVIS, D/B/A PIATT AND DAVIS, ADDITIONAL DEFENDANTS.

(Filed 16 June, 1961.)

1. **Contracts § 25—**

   Where the contract is made a part of the pleadings, the rights of the parties under the instrument, as presented by demurrer, will be determined in accordance with the terms of the agreement rather than the allegations or conclusions of the pleader.

**2. Contracts § 13½ :   Principal and Surety § 9—   Engineer inspecting and certifying work is not liable to contractor's surety for defects.**

Where a contract for construction provides that an engineer should inspect and certify the work as it progressed before payments to the contractor, that the engineer should decide the meaning and intent of any portion of the specifications and plans upon dispute between the owner and the contractor, and that the engineer should have the right to correct any errors or mistakes that might be necessary to the proper fulfillment of the contract, but further provides that inspection of the work should not relieve the contractor of the obligation to do sound and reliable work and that the failure of the engineer to disapprove any work should not constitute an acceptance by the owner of defective work, *held,* the contract does not impose liability upon the engineer to the contractor's surety upon the recovery by the owner on the maintenance bond for defects in the performance of the work discovered during the period covered by the maintenance bond after the work had been certified by the engineer and accepted by the owner.

**3. Pleadings §§ 8, 18—**

In a suit by the owner against the contractor and the surety on its maintenance bond for defects discovered after the acceptance of the work, the surety is not entitled to file a cross-action against the engineer who inspected the work and certified the work as it progressed, and the demurrer of the engineer to the cross-action for misjoinder of parties and causes of action should have been sustained.

On *certiorari* of additional defendants Piatt and Davis from *Williams, J.,* March Civil Term 1961 of DURHAM.

This is a civil action for breach of a contract instituted by the City of Durham (hereinafter referred to as the City) against defendant Reidsville Engineering Company, Inc. (hereinafter referred to as Construction Company) and its surety, United States Casualty Company (hereinafter referred to as Casualty Company).

In essence the complaint alleges:

(1) A contract between the City and the Construction Company for power and light wiring for a sewage treatment and disposal plant being built by the City.

(2) The execution of a "Contract Bond" in the sum of $43,700.00 by the Construction Company as principal and the Casualty Company as surety to insure the faithful performance of the contract.

(3) Payment in full of the contract price plus extras by the City to the Construction Company in the sum of $46,348.45.

(4) The execution of a "Maintenance Bond" in the sum of $46,-348.45 by the Construction Company as principal and the Casualty Company as surety in favor of the City to guarantee satisfactory performance of the work for a period of two years from and after the date of 24 August 1956, this date being specified therein as the

date of acceptance by the City of the work for purposes of the obligation.

(5) The discovery of defects by the City in the performance of the contract by the Construction Company.

(6) Resulting in damages in the sum of $19,850.28, which the City was required to expend in order to have the defective work remedied.

The original defendants filed answer denying any breach of contract and alleging that the City was estopped to maintain the action because the work had been certified by the Supervising Engineers and accepted by the City.

The original defendants filed a cross-action against Piatt and Davis, Engineers, and moved that they be made additional parties defendant. The motion was allowed. The additional defendants demurred to the cross-action and the demurrer was sustained. The original defendants were given thirty days from 9 June 1960 to file an amended cross-action. Only the defendant Casualty Company filed an amended cross-action against the additional defendants.

The Casualty Company alleged:

(1) That Piatt and Davis were the Supervising Engineers on the job and among other things were required to certify the satisfactory performance of the work to the City prior to any payments.

(2) Reliance on Piatt and Davis in executing the contract and maintenance bonds.

(3) A contractual obligation by Piatt and Davis to the Casualty Company to properly supervise the performance of the contract by the Construction Company.

(4) Periodic certificates by Piatt and Davis that the work was being satisfactorily performed.

(5) A final certificate by Piatt and Davis that the work was completed and final payment by the City including the release of the ten per cent (10%) retainage which was held pending the completion of the work under the terms of the contract.

(6) The insolvency of the Construction Company.

(7) That if the contract was not properly performed it was due to the negligence of Piatt and Davis in failing to properly supervise the work.

(8) That if the City recovers judgment against it, then it is entitled to judgment over against Piatt and Davis.

The additional defendants demurred to the amended cross-action. The demurrer was overruled and the additional defendants petitioned this Court for writ of *certiorari* and the petition was allowed.

*Sapp & Sapp for Casualty Company.*

*Bryant, Lipton, Strayhorn & Bryant; F. Gordon Battle for Piatt and Davis.*

Denny, J. The additional defendants are relying upon two exceptions and the assignments of error based thereon as follows: (1) That the Judge of the Superior Court erred in overruling their demurrer in that the cross-action of the Casualty Company does not state facts sufficient to constitute a cause of action; and (2) that the Judge of the Superior Court erred in overruling the demurrer to the amended cross-action of the Casualty Company in that there is a misjoinder of parties and causes of action.

With respect to the first assignment of error, it was stipulated that the pertinent portions of the contract referred to in the pleadings are to be considered as a part of the cross-action for purposes of determining whether or not the court below committed error in overruling the demurrer of the additional defendants. We must, therefore, look to the contract itself to determine the duties of the parties, rather than to the general allegations set out in the cross-action filed by the Casualty Company. *Williamson v. Miller*, 231 N.C. 722, 58 S.E. 2d 743.

In the last cited case this Court said: "Since the contract is made a part of the complaint, and is alleged as the sole basis of recovery, the Court will look to its particular provisions rather than the more broadly stated allegations in the complaint, or the conclusions of the pleader as to its character and meaning. Upon proper construction of these writings depends the propriety of the judgment overruling the demurrer." *Ferrell v. Highway Commission*, 252 N.C. 830, 115 S.E. 2d 34.

An examination of the contract reveals that it was executed by the Construction Company as party of the first part and the City as party of the second part. It is true that the Proposal, which became the contract, and included the plans and the specifications, was prepared by Piatt and Davis, Engineers, for the City; but they did not execute the contract, nor in any way bind themselves as surety for the Construction Company. The last paragraph of the contract states: "The acceptance of this Proposal by the City Council for and on behalf of the City of Durham, N. C., party of the second part, as evidenced by the signature of the properly authorized officers of said City, shall be held to be a mutual agreement as to each and every clause of this Proposal and to constitute a contract between the parties hereto."

The contract also provides that the contractor "agrees to be responsible for the entire work herein contemplated until its completion

and final acceptance * * *." Neither does any inspection prior to the issuance of certificates for progress payments or final payment appear to be required by the terms of the contract.

As to the progress payments, the contract provides simply that "the Engineer will once a month make an approximate estimate in writing of the work done and materials furnished or apparatus delivered or installed from the beginning of the work."

Regarding the final payment, the contract provides: "That whenever in the opinion of the Engineer the work proposed shall have been completely performed on the part of the party of the first part the Engineer will proceed * * * to measure up the work and will make out the final estimate for the same, and will certify the same * * *."

It is provided in the contract that where the word "Engineer" is used it shall be held to mean Piatt and Davis, the Supervising Engineers, or any authorized assistant acting within the scope of the particular duties entrusted to him.

The contract provides further that "inspection of the work at any time shall not relieve the party of the first part (the Construction Company) of any obligation to do sound and reliable work * * * and * * * that any omission to disapprove of any work by the Engineer * * * shall not be construed to be an acceptance of any imperfect, unsightly, or defective work."

With respect to the duties and responsibilities of the additional defendants under the terms of the contract, the contract provides: "That the Engineer shall decide the meaning and intent of any portion of these specifications or of the plans where same may be found to be obscure or at variance or in dispute and shall have the right to correct any errors or omissions therein when such corrections are necessary to the proper fulfillment of the intention of said plans and specifications and that the Engineer shall have the final decision on all matters of dispute involving the character of the work, the compensation to be made therefor or any other question arising upon this Proposal after its acceptance."

We hold that, with respect to the interpretation of the meaning and intent of the plans and specifications, as well as to the authorization that additional work not expressly authorized in the contract but which the Engineers may deem necessary to the fulfillment of the terms of the contract and the proper completion of the job, which authority is expressly granted to the Engineers in the contract, together with their decision on all matters of dispute involving the character of the work, compensation for extra work, etc., the Engineers in making such decisions under the terms of the contract would be acting in the capacity of arbitrators and could not be held liable in damages

to either party to the contract in the absence of bad faith. *Stevenson v. Watson* (1879, Eng.), L.R. 4 C.P. Div. 148; *Chambers v. Goldthorpe* (1901, Eng.), 1 K.B. 624, 4 B.R.C. 833-C.A.; *Corey v. Eastman*, 166 Mass. 279, 44 N.E. 217, 55 Am. St. Rep. 401; *Wilder v. Crook*, 250 Ala. 424, 34 So. 2d 832. Other cases are to the effect that the Supervising Architect or Engineer may be held liable to the building owner for damages resulting from negligently certifying the completion of the work. *Palmer v. Brown*, 127 Cal. App. 2d 44, 273 P. 2d 306; *Bump v. McGrannahan*, 61 Ind. App. 136, 111 N.E. 640; *Lindeburg v. Hodgens*, 89 Misc. 454, 152 N.Y.S. 229; *Pierson v. Tyndall* (Tex. Civ. App., 1894), 28 S.W. 232; *School District v. Josenhans*, 88 Wash. 624, 153 P. 326. See Annotations, 43 A.L.R. 2d 1227. However, the question of the liability of these additional defendants to the City is not presented for determination on this appeal.

In the case of *Bump v. McGrannahan, supra,* the Court held that an architect may be held liable to the owner where he "agreed and undertook to supervise the construction * * * and determine * * * when any payments were due * * * according to the plans and specifications and contracts previously entered into * * * and to see that the work was done in accordance therewith"; where he wrongfully authorized payments to be made that were not due; and where the owner "paid out money he should have retained * * * and * * * was damaged to the extent of the money so paid out by him." The Court said further: "It is not claimed * * * that appellants (architects) undertook to construct, or to guarantee the completion of, the building at the contract price, and their liability would not therefore arise by reason of the failure of the contractor to complete the building according to the contract * * * .

"The liability for failure to complete the building would be against the one who had contracted so to do * * *."

It is provided in the contract: "That the Engineer is hereby granted the right and is hereby authorized to appoint such person or persons as he may deem proper to inspect the work done and the materials to be furnished under this Proposal and to see that the said work and materials furnished under this Proposal conform in every respect to the plans and specifications and his instructions thereunder and the party of the first part hereby agrees that said inspectors shall be afforded the proper facilities for discharging the duties assigned to them."

The foregoing is a provision for the benefit and protection of the City. There is no mandatory provision in the contract to the effect that it shall be the duty of the Engineer to supervise the work of the contractor and inspect the materials used and to see that the

work and materials conform in every respect to the plans and specifications. Under the terms of the contract, the responsibility for the proper completion of the job remains on the Construction Company until its completion and final acceptance. And, likewise, the Construction Company as principal and the Casualty Company as surety have contracted in the maintenance bond to be responsible for and to "replace and reinstall all appurtenances, equipment, appliances and other parts of the project which may prove to be defective in the normal operations or which may contain undiscovered defects in either materials, equipment or manufacture or defects in installation for a period of twenty-four (24) months from and after the above-stated date (24 August 1956) of acceptance of said work and project, and shall indemnify, save harmless and reimburse the City of Durham for the cost of any repairs or replacements which the City of Durham may be required or find it necessary to make by reason of such defects * * *."

In view of the fact that the plaintiff's cause of action is bottomed on undiscovered defects in both materials and in installation, which were not discovered until after 24 August 1956, together with the further fact that it is provided in the contract that "inspection of the work at any time shall not relieve the party of the first part (the Construction Company) of any obligation to do sound and reliable work * * * and * * * that any omission to disapprove of any work by the Engineer * * * shall not be construed to be an acceptance of any imperfect, unsightly, or defective work," in our opinion the demurrer interposed by the additional defendants to the cross-action of the Casualty Company should have been sustained, and we so hold. The first assignment of error is upheld.

Furthermore, if we had held that the cross-action stated a good cause of action, in our opinion it could not survive the demurrer for the reasons assigned in the second assignment of error, and, upon the further ground, that it is not the type of cross-action that can be maintained for affirmative relief in this jurisdiction. *Rose v. Warehouse Co.*, 182 N.C. 107, 108 S.E. 389; *Hoover v. Indemnity Co.*, 202 N.C. 655, 163 S.E. 758; *Montgomery v. Blades*, 217 N.C. 654, 9 S.E. 2d 397; *Bost v. Metcalfe*, 219 N.C. 607, 14 S.E. 2d 648; *Bd. of Education v. Deitrick*, 221 N.C. 38, 18 S.E. 2d 704; *Beam v. Wright*, 222 N.C. 174, 22 S.E. 2d 270; *Schnepp v. Richardson*, 222 N.C. 228, 22 S.E. 2d 555; *Horton v. Perry*, 229 N.C. 319, 49 S.E. 2d 734; *Gaither Corp. v. Skinner*, 238 N.C. 254, 77 S.E. 2d 659.

In *Schnepp v Richardson, supra*, the plaintiff, a subcontractor, brought an action against the owner to enforce a subcontractor's lien. Defendants answered, denying the allegations of the complaint and

setting up a cross-action against the contractor. The contractor demurred for misjoinder of parties and causes of action. The demurrer was sustained and affirmed on appeal. This Court said: "The cross-action defendants seek to set up against Fisher (the contractor) is not germane to, founded upon or necessarily connected with the subject matter in litigation between plaintiff and defendants. Decision on the issues thus attempted to be raised is not essential to a full and complete determination of the cause of action alleged by the plaintiff. It should not be engrafted upon his action and thus compel him to stand by while defendants and Fisher litigate their differences in his suit. * * *

"There is a misjoinder both of parties and of causes of action."

In the case of *Gaither Corp. v. Skinner, supra,* the plaintiff entered into a contract with defendant to construct a building for an agreed price in accordance with plans and specifications prepared by plaintiff's architects. The plaintiff instituted an action and alleged in his complaint that the defendant knowingly used faulty and defective materials in the construction of the roof on the building in breach of the contract.

The defendant denied that the roof constructed by him was otherwise than in accord with the plans and specifications furnished him; alleging that the construction of the roof had been let to a competent subcontractor who had constructed it in accord with the plans and specifications, and that if the subcontractor failed to erect the roof in accordance with the specifications, then the subcontractor was liable to the plaintiff and the defendant for any damages suffered by reason of his failure so to do; and he prayed that the subcontractor be made a party to the action, and that if the plaintiff should recover judgment of the defendant that the defendant recover judgment over against the subcontractor. Thereafter, the subcontractor appeared and moved that he be dismissed from the action. The court allowed the motion. This Court said: "The plaintiff has elected to pursue his action against the contractor with whom he contracted in order to recover damages for an alleged breach of that contract, and plaintiff should be permitted to do so without having contested litigation between the contractor and his subcontractor projected into the plaintiff's lawsuit. * * *

"The statute permitting joint tort-feasors to be brought in for the purpose of enforcing contribution does not apply here. G.S. 1-240. Nor does an issue as to primary and secondary liability arise in this case * * *."

The ruling on the demurrer of the additional defendants to the cross-action of the defendant Casualty Company is

Reversed.