O. G. THOMPSON & SONS, INC., v. KOURY HOSIERY MILLS, INC., AND
C. B. SMITH TRADING AS SMITH ROOFING COMPANY, INDIVIDUALLY,
AND C. B. SMITH ROOFING COMPANY, INC., ADDITIONAL DEFENDANTS.

(Filed 12 June 1968.)

1. **Pleadings § 18— Plaintiff's cross-action in tort held misjoinder of parties and causes.**

In an action by a general contractor against the owner of a hosiery
mill to recover the unpaid balance under a contract for the construction
of an addition to the mill, the defendant in its counterclaim alleged that
plaintiff contracted to protect the property and operations of the defend-
ant during the construction and that plaintiff negligently failed to pro-
tect the property from a rainstorm, thereby entitling defendant to offset
its damages against the contract price. Plaintiff thereafter asserted by
reply a cross-action against its roofing subcontractor for negligence in
failing to make the roof watertight. *Held:* Defendant's demurrer to plain-
tiff's cross-action against the subcontractor for misjoinder of parties and
causes is properly sustained, since defendant's counterclaim arises out of
the contract upon which plaintiff brings the action, while plaintiff's cross-
action against the additional defendant is a separate and distinct cause
of action to which the original defendant is not privy.

2. **Pleadings § 8—**

Where the contract between a general contractor and the owner of prop-
erty includes the contractor's agreement to take all necessary precau-
tions to protect the owner's property during the course of construction,
the agreement becomes a necessary and integral part of the contract, and
allegations of the owner in a counterclaim that it was damaged by the
contractor's failure to protect its property from the elements' state a cause
of action *ex contractu* and not in tort.

APPEAL by plaintiff from *Carr, J.*, 13 November 1967 Civil Ses-
sion of Superior Court of ALAMANCE.

This is a civil action to recover an amount allegedly due plain-
tiff, a general contractor, representing the unpaid balance under a
contract for the construction of an addition to the Koury Hosiery
Mills, Inc. plant in Burlington. Koury filed answer containing a
counterclaim and offset based upon allegations that it was agreed
that Koury would continue its manufacturing operations and ad-
ministrative work and the additional construction would be so de-
signed and performed as not to interfere therewith, plaintiff agree-
ing to take all necessary precautions to protect defendant's property
during construction; that personal property and supplies of Koury
which were stored in its office area were damaged during the course
of construction; that the damage resulted from water getting into
the area after a rainstorm; that plaintiff "negligently and in breach
of its contract with the defendant, failed to take proper action to
protect the exposed properties of the defendant from the elements";

that the damage to Koury's property "was caused and brought about solely by the negligent acts of the plaintiff which were in direct breach of its contract with this defendant in connection with the design and construction of the additions to its plant and office".

Plaintiff filed a reply in which it asserted a cross action, based upon primary-secondary liability against C. B. Smith, Trading as C. B. Smith Roofing Company, Individually, and C. B. Smith Roofing Company, Inc. (hereinafter called additional defendants), the subcontractor of plaintiff for all roofing work necessary to the construction. The cross action alleged, in substance, that the subcontractor was an independent contractor; that prior to the rainstorm from which water entered the office space, the subcontractor's workmen left the job site when they knew, or in the exercise of ordinary care, should have known that at that stage of construction the joinder of the roof over the addition was not such as to render the roof watertight along the line of joinder; that the equipment necessary to make it watertight was available at the job site but the subcontractor's workmen left and did not return until after the rainstorm had occurred. The cross action further alleged in the alternative that if the plaintiff were found to be negligent in any manner with respect to the entry of the water and if Koury were found to have been damaged thereby, that the negligence of the subcontractor (additional defendants) contributed to and was one of the proximate causes thereof and plaintiff would be entitled to contribution from the additional defendants.

The original defendant, Koury, filed a "demurrer to the cross action and also a motion to strike portions of plaintiff's further reply and cross action. The additional defendants also filed a motion to strike portions of the cross action.

Upon hearing, the court sustained the demurrer to the cross action and pursuant to this ruling, no determination was made of the motions to strike. Plaintiff demurred *ore tenus* to the counterclaim and offset contained in original defendant's answer. This demurrer was overruled. From the order sustaining the original defendant's demurrer to cross action asserted by the plaintiff against the additional defendants, plaintiff appealed.

*Allen and Allen; Jordan, Wright, Henson and Nichols; and William B. Rector, Jr. by William B. Rector, Jr., for plaintiff appellant.*

*Sanders & Holt by W. Clary Holt and R. Chase Raiford for defendant Koury Hosiery Mills, Inc., appellee.*

MORRIS, J. The sole question presented by this appeal is one of interpretation of pleadings. The plaintiff contends that the orig-

inal defendant's counterclaim and offset sounds in tort, and it is, therefore, permissible to implead the additional defendants upon a primary-secondary liability consideration or, alternatively, for contribution as a joint tort feasor. The original defendant, on the other hand, contends that the cause of action stated in the counterclaim and setoff asserted by it is in contract; and, therefore, there is a defect of parties and causes of action since the additional defendants were under no contractual obligation with the original defendant, and the matters contained in the cross action pertained solely to matters and things existing between the plaintiff and additional defendants; that there is no connection whatsoever with the relief sought by the plaintiff against the additional defendants and the original defendant; that the controversy between the said parties does not involve the controversy between the plaintiff and the original defendant as alleged in the pleadings between said parties.

Plaintiff alleges a contract between it and the original defendant, a balance due thereon, demand therefor, failure to pay, and that "no portion or part thereof is subject to any setoff or counterclaim". The complaint also alleges that defendant "without justification, withheld from the amount due the plaintiff pursuant to said contract" the balance allegedly due and sued for in this action. The original defendant, by answer, admitted the contract but denied that construction was completed in all respects as agreed, denied that any sum was withheld without justification, denied that any balance was due, denied the allegation that no portion of the balance due was subject to setoff or counterclaim and, in its further answer, counterclaim and offset, averred that the contract between the parties included an agreement that defendant would continue its manufacturing operations and administrative work in the existing plant and office and that the plaintiff would take all necessary precautions to protect the existing properties and operations of the original defendant during the construction. The original defendant additionally averred that plaintiff knew there were supplies in the existing facilities; that although notified by defendant that these supplies had been left exposed when there was imminent probability of rain, plaintiff failed to take necessary precautions as it agreed to do and defendant's supplies and properties were damaged by water; that the damage resulted from plaintiff's negligent breach of the contract and defendant is entitled to offset its damages against the contract price; that defendant had tendered a check to plaintiff for the balance due less its damage and by reason of the payment and offset it was not indebted to plaintiff.

The counterclaim sounds in contract and not in tort. Here, the

contract between the parties included the agreement of the contractor to take all necessary precautions to protect the property of the owner while the addition was being constructed. This agreement was a necessary and integral part of the contract because the owner intended to continue its operations in its existing facilities while the addition was being constructed and the contractor agreed to perform the construction so as not to interfere with this continued operation. This is not the situation in *Peele v. Hartsell,* 258 N.C. 680, 129 S.E. 2d 97, relied on by plaintiff. There the complaint alleged that defendant contracted to move their house trailer some 82 miles for a consideration of $30.00; that it was implied in the contract with defendant that defendant would use due care in moving the trailer so as not to damage it in the performance of the contract. The complaint then set forth a series of alleged negligent acts of defendant in moving the trailer; *i.e.,* attempted to move the trailer in a circle over soft earth when it could have been backed over solid ground; that he should have known that it could not be moved in safety over such wet, mushy ground; that as a result it became partially buried in mud; that defendant then further was negligent in pulling the trailer out of the mud at an angle with a wrecker. The opinion of the Court by Justice Sharp, in stating that the cross action was in tort and not in contract, quoted from *Jackson v. Central Torpedo Co.,* 117 Okla. 245, 246 Pac. 426:

> " 'If the transaction complained of had its origin in a contract which placed the parties in such a relation that, in attempting to perform the promised service, the tort was committed, then the breach of the contract is not the gravamen of the suit. The contract in such case is mere inducement, creating the state of things which furnishes the occasion of the tort, and in all such cases the remedy is an action on the case. For illustration, take the contract of a carpenter to repair a house, — the implication of his contract is that he will bring to the service reasonable skill, good faith, and diligence. If he fails to do the work, or leaves the house incomplete, the only remedy against him is *ex contractu;* but suppose he, by want of care or skill, destroys or wastes material, or makes the repairs so unskillfully as to damage other portions of the house; this is tort, for which the contract only furnished the occasion. *Mobile L. Ins. Co. v. Randall,* 74 Ala. 170.' "

Here, the plaintiff, as a part of the contract, specifically agreed to use all necessary precaution to protect the existing properties of original defendant during construction of the addition. Possible dam-

age to these properties by reason of the construction of the addition was within the contemplation of the parties at the time of the making of the contract.

The counterclaim and offset of the original defendant is based upon the same contract upon which the plaintiff brings the action. However, the cross action of the plaintiff against the additional defendants is based upon an entirely different contract between them in which the original defendant has no interest and to which it is not privy. There is, therefore, a misjoinder of parties and causes. The two causes of action are separate and distinct and set up against different parties. *Rose v. Warehouse Co.*, 182 N.C. 107, 108 S.E. 389; *Schnepp v. Richardson*, 222 N.C. 228, 22 S.E. 2d 555.

An issue as to primary and secondary liability does not arise in this case nor is G.S. 1-240, permitting the bringing in for contribution of a joint tort feasor, applicable. *Gaither Corp. v. Skinner*, 238 N.C. 254, 77 S.E. 2d 659; *Durham v. Engineering Co.*, 255 N.C. 98, 120 S.E. 2d 564.

The ruling of the court below sustaining original defendants demurrer to plaintiff's cross action is

Affirmed.

CAMPBELL and PARKER, JJ., concur.