Eric "Frank" FEICHTINGER and Jacqueline A. Feichtinger, individually and as natural parents and next best friends of M.F. and K.F., minors, Appellants and Cross–Appellees,

v.

Eaton CONANT, Appellee
and Cross–Appellant,

and

Municipality of Anchorage, Anchorage Police Department, Kevin O'Leary, Joseph Austin, Thomas Walker, Dwayne McConnell, Anchorage Police Employees Association, and the State of Alaska, Appellees.

Nos. S–5681, S–5791.

Supreme Court of Alaska.

April 28, 1995.

Edgar Paul Boyko, Boyko & Flansberg, Anchorage, for appellants and cross-appellees.

Julia B. Bockmon, Robertson, Monagle & Eastaugh, Anchorage, for appellees and cross-appellant.

Before MOORE, C.J., and RABINOWITZ, MATTHEWS and COMPTON, JJ.

*OPINION*

MATTHEWS, Justice.

Frank Feichtinger was fired by the Anchorage Police Department. Feichtinger filed an administrative grievance, contending that he was terminated without just cause. Pursuant to the contract between the Municipality of Anchorage and the police officers' union, Feichtinger's grievance was heard by an arbitrator. The arbitrator, Eaton Conant, decided against Feichtinger.

Feichtinger sued Conant in superior court, alleging that Conant deprived him of his due

process rights during the arbitration proceeding in violation of the underlying labor contract.[1] The superior court granted Conant summary judgment on the grounds of arbitral immunity. Feichtinger appeals. We affirm.

Arbitral immunity gives arbitrators absolute immunity from liability for damages arising out of quasi-judicial actions taken by them. *See, e.g., International Union, United Auto., Aerospace, and Agr. Implement Workers of America and its Locals 656 and 985 v. Greyhound Lines, Inc.*, 701 F.2d 1181, 1185 (6th Cir.1983). Arbitral immunity is the rule in virtually all jurisdictions,[2] and we now adopt it. We recognized the doctrine of judicial immunity, which protects judges from liability for their judicial acts, in *Denardo v. Michalski*, 811 P.2d 315, 316 (Alaska 1991). In *Lythgoe v. Guinn*, 884 P.2d 1085, 1087–89 (Alaska 1994), we held that a court-appointed independent custody investigator who performed quasi-judicial functions was protected from suit by the doctrine of quasi-judicial immunity. Like the investigator in *Lythgoe*, arbitrators perform quasi-judicial functions; our recognition of arbitral immunity flows naturally from our decisions in *Lythgoe* and *Denardo*.[3]

Feichtinger proposes that arbitral immunity should not apply (1) where the arbitrator did not act in good faith;[4] (2) where a labor-management arbitrator commits gross negligence, fraud, corruption, gross error, or misbehavior; (3) where an arbitrator commits egregious misconduct; and/or (4) where the arbitrator's behavior is extreme and outrageous. We decline to adopt any of Feichtinger's proposed limits on arbitral immunity, as doing so would undermine the policies served by arbitral immunity.

Arbitral immunity encourages the settlement of disputes by arbitrators. It protects the integrity of the arbitration process from reprisals by dissatisfied parties. It enhances the impartiality and independence of arbitrators. It lends finality to decisions of arbitrators. And it makes it easier to recruit arbitrators. *See International Union*, 701 F.2d at 1186–87; *Tamari v. Conrad*, 552 F.2d 778, 781 (7th Cir.1977); Dennis R. Nolan & Roger I. Abrams, *Arbitral Immunity*, 11 Indus.Rel.L.J. 228, 233 (1989). Exposing arbitrators to personal liability would weaken the effectiveness and attractiveness of arbitration as an alternative to litigation.

1. Feichtinger alleged that the arbitrator committed misconduct by (1) denying Feichtinger a fair hearing by refusing to grant a continuance; (2) improperly excluding Feichtinger from participating in the hearing; (3) deliberately misleading Feichtinger by promising to hear his evidence and then terminating the hearing without doing so; (4) colluding with the Municipality to deny Feichtinger a fair hearing; (5) being biased in favor of the Municipality, which was concealed from Feichtinger; (6) fraudulently rendering a decision based on evidence submitted only by one side; (7) deliberately trapping Feichtinger into a situation where his proffered evidence could be ruled untimely; and (8) conducting the hearing so unfairly that Feichtinger was deprived of his fundamental due process rights.

2. *See, e.g., Skidmore v. Consolidated Rail Corp.*, 619 F.2d 157 (2d Cir.1979), *cert. denied*, 449 U.S. 854, 101 S.Ct. 148, 66 L.Ed.2d 488 (1980); *Tamari v. Conrad*, 552 F.2d 778 (7th Cir.1977); *Fong v. American Airlines, Inc.*, 431 F.Supp. 1340 (N.D.Cal.1977); *Merchants Despatch Transp. Corp. v. System Federation No. One Ry. Emp. Dept. AFL–CIO Carmen*, 444 F.Supp. 75 (N.D.Ill.1977); *Jones v. Brown*, 54 Iowa 74, 6 N.W. 140 (1880).

3. Some courts have held that arbitral immunity does not apply where the arbitrator breaches his contract by failing to issue a timely decision. *See Baar v. Tigerman*, 140 Cal.App.3d 979, 189 Cal. Rptr. 834, 836–39 (1983); *E.C. Ernst, Inc. v. Manhattan Const. Co. of Texas*, 551 F.2d 1026, 1033–35 (5th Cir.1977), *modified on other grounds*, 559 F.2d 268 (5th Cir.1977), *cert. denied*, 434 U.S. 1067, 98 S.Ct. 1246, 55 L.Ed.2d 769 (1978). We do not need to decide here whether to adopt this exception to arbitral immunity, as Feichtinger does not allege that Conant failed to issue a timely decision.

4. In support of his argument that arbitral immunity should not apply where the arbitrator acts in bad faith, Feichtinger relies on *Lundgren v. Freeman*, 307 F.2d 104, 117–18 (9th Cir.1962), and *City of Durham v. Reidsville Engineering Co.*, 255 N.C. 98, 120 S.E.2d 564, 567 (1961). These cases are inapposite because they involved engineers or architects performing quasi-arbitral functions and employed by one of the parties, not true arbitrators.

Conant cross-appeals, arguing that the award of attorney's fees to him was too low. Conant requested approximately seventy-five percent of his actual fees; the superior court awarded approximately thirty percent. An award of attorney's fees will be overturned only upon a showing of abuse of discretion or a showing that the award is manifestly unreasonable. *De Witt v. Liberty Leasing Co. of Alaska,* 499 P.2d 599, 601 (Alaska 1972); *Palfy v. Rice,* 473 P.2d 606, 613 (Alaska 1970).[5] Conant has not made such a showing. Conant's main argument is that his entitlement to immunity "was clear as a matter of law" and that a large fee award would discourage suits against arbitrators and thereby serve the public policies behind arbitral immunity. However, before this decision, no Alaska case had addressed the issue of arbitral immunity. If a suit similar to the one in this case were to be filed after the publication of this decision, it could be frivolous and justify an award of actual fees. *See State v. University of Alaska,* 624 P.2d 807, 817–18 (Alaska 1981). But since this is the first Alaska case dealing with arbitral immunity, the award of attorney's fees was well within the discretion allowed to the superior court.

Feichtinger's claims are barred by arbitral immunity. The superior's court's award of attorney's fees was not an abuse of discretion. In all respects, the decision of the superior court is AFFIRMED.

EASTAUGH, J., not participating.

---

**5.** At the time Conant filed his motion for attorney's fees, Alaska Civil Rule 82(a)(1) provided that attorney's fees could be "fixed by the court in its discretion in a reasonable amount" where the prevailing party did not win a monetary judgment.