PeaRsoN, J.
 

 In regard to the question made on account of the omission of the word “ heirs ” in the deed of trust, we are entirely satisfied from the context, and from the nature and purposes of the deed, that it was the intention of Whitaker to convey a fee simple, and the omission was an oversight. Consequently, the plaintiff' has a plain equity to have the mistake corrected.
 

 We are satisfied from the evidence, and Whitaker’s possession and the lapse of time, that the purchase money had been paid by him to Beal, for the one hundred acres
 
 ;
 
 and we are also satisfied that both Ijames and the defendant, Smith, had notice of the plaintiff’s claim. Consequently, the plaintiff has a plain equity to consider the defendant Smith as holding the legal title of the one hundred acres in trust for him, and is entitled to a decree for partition, so as to assign to him the one hundred acres devised to Joseph Beal, Jr., which is to be so laid off as not to include the
 
 *286
 
 Meeting House ; for the exception in the devise, directing
 
 11
 
 the rest of the land ” to be sold, after the death of the wife, shows that the Meeting House lot was not included in the one hundred acres.
 

 In regard to the share of Davis and wife, there is no proof that Whitaker ever bought it. In regard to the share of Whitaker’s wife, if the deed of trust contained words sufficient to pass it, an interesting question might be presented, which is still open in our Courts. We have refused to adopt the English doctrines,
 
 cy pres
 
 — equity of the wife to have a settlement — part performance of parol contracts as to land — the lien of the vendor against the purchaser from the vendee for the purchase money. Is the doctrine that a purchaser from a trustee, with power to sell,
 
 must see to the application of the purchase money,
 
 to be adopted ? or is it to be rejected upon the ground, that it stands on the same principle as the lien of the vendor for the purchase money ? This, we say, is an open question, and we are not now at liberty to decide it, because the deed of trust purports to convey the two hundred acres of land, and there are no words sufficient to pass the right of Whitaker and wife to a share of the purchase money of the part of the land, which the executor is directed to sell.
 

 There must be a decree, declaring the plaintiff is entitled to have the one hundred acres of land devised to Joseph Beal, Jr., laid off and conveyed to him by the defendant, Smith — the deed to be approved by the Master; and to an account of the profits since the plaintiff was evicted. And the defendants must pay the costs.
 

 Per Curiam. Decree accordingly.