CITIFINANCIAL MORTGAGE CO. F/K/A ASSOCIATES MORTGAGE AND FINANCIAL SERVICES, INC., PLAINTIFF v. RONNIE GRAY, TERESA R. GARREN AND HUSBAND, CLINT S. GARREN, DEFENDANTS

No. COA06-1620

(Filed 6 November 2007)

**1. Reformation of Instruments— equitable reformation— original intent of parties—mistake due to inadvertence of draftsmen**

The trial court did not err in equitably reforming real property instruments to effectuate the original intent of the parties as to the number of acres conveyed because: (1) there was competent evidence of mistake due to the inadvertence of the draftsmen of the challenged instruments; (2) all purchasers were put on constructive notice of the conveyance of the pertinent one acre

CITIFINANCIAL MTGE. CO. v. GRAY

[187 N.C. App. 82 (2007)]

based on the duly recorded document entitled "Explanation Statement to Correct Obvious Minor Error(s) Made in an Instrument as Originally Recorded Re: Book 976 Page 399;" (3) the parties on both sides of the transactions of each instrument possessed mutuality regarding one of the essential terms of the transaction, namely the amount of acreage to convey; and (4) each instrument in the chain of title revealed evidence of a facial mistake, and the record revealed no reason other than inadvertence or oversight on the part of the drafter of the instruments to explain the omission of the accurate and bargained for acreage of land.

2. **Mortgages and Deed of Trust— sufficiency of service of process—equitable authority to reform written instrument—actual notice—constructive notice**

The trial court did not err in finding defendant Garrens never received proper service of process and that the purported foreclosure as to the Garrens's one-acre tract of land was ineffective, because: (1) even if the matter was not properly before the trial court, defendant was still not entitled to any relief since the trial court had the equitable authority to reform the pertinent instruments due to multiple draftsmen errors in the chain of title; and (2) plaintiff had actual and constructive notice of the acreage to be conveyed to defendant Gray, and defendant had constructive notice of the acreage that should have been conveyed to him.

3. **Appeal and Error— preservation of issues—failure to cite authority**

Although defendant Gray contends the trial court erred in a declaratory judgment case by bifurcating the trial into two parts, this assignment of error is dismissed, because defendant abandoned this argument based on his failure to cite any authority in support of it as required by N.C. R. App. P. 28(b)(6).

Appeal by defendant Ronnie Gray from judgment entered 16 August 2006 by Judge Zoro J. Guice, Jr., in Henderson County Superior Court. Heard in the Court of Appeals 22 August 2007.

*Ferikes & Bleynat, PLLC, by Joseph A. Ferikes, for plaintiff-appellee.*

*Biggers & Associates, PLLC, by William T. Biggers, for defendant-appellant Ronnie Gray.*

SMITH, Judge.

Defendant Ronnie Gray (Gray) appeals a judgment entered in favor of plaintiff Citifinancial Mortgage Company (Citifinancial) which reformed several real property instruments. We affirm.

The pertinent facts may be summarized as follows: On 9 June 1997, Danny M. Banks and his wife, Dawn V. Banks (Banks), conveyed a 3.43-acre tract of land to plaintiff to secure a loan in the amount of Ninety Thousand Four Hundred Seventy-five and 87/100 Dollars ($90,475.87), via a Deed of Trust recorded in Book 701, Page 459, Henderson County Registry. Sometime prior to January 15, 1999, defendants Clint S. and Teresa R. Garren (Garrens) agreed to purchase a one-acre portion of the Banks' 3.43-acre tract of land. Citifinancial had consented to this transaction and agreed to record a Release Deed releasing said one-acre tract from the Deed of Trust recorded in Book 701, Page 459, Henderson County Registry. However, no deed of release was recorded.

On 15 January 1999, the Banks conveyed the entire 3.43 acres to the Garrens by General Warranty Deed recorded in Book 976, Page 399, Henderson County Registry. On 8 February 1999, a deed was recorded in Book 978, Page 488, Henderson County Registry, which corrected the prior conveyance and provided that the deed from the Banks to the Garrens conveyed only the one-acre parcel of land, rather than the entire 3.43-acre tract conveyed in the previous instrument. Also, on 15 January 1999, the Garrens conveyed the entire 3.43-acre tract of land to plaintiff to secure a loan in the amount of Sixty Thousand Seven Hundred Seventy-six and 72/100 Dollars ($60,776.72), via a Deed of Trust recorded in Book 800, Page 420, Henderson County Registry.

Had there been no errors made in these prior transactions, the status of the parties would have been that the Banks owned an approximate 2.6-acre parcel of land subject to the Deed of Trust recorded in Book 701, Page 459, Henderson County Registry; and, the Garrens would have owned an approximate one-acre parcel of land subject to the Deed of Trust recorded in Book 800, Page 420, Henderson County Registry.

The Banks defaulted in 2003, and plaintiff sought foreclosure of the Banks' property by filing foreclosure proceedings under Docket #03 SP 391, Henderson County, North Carolina. However, the Substitute Trustee erroneously filed the foreclosure proceedings on the

entire 3.43-acre tract and named the following people as having an interest in the property: Danny Banks, Dawn Banks, Teresa Garren, Clint Garren, Michael Ledbetter and Amy Ledbetter. (The Ledbetters are not involved in or parties to this lawsuit). All of these parties had the same designated address for service: Post Office Box 1151, Mountain Home, N.C. All the notices were returned by the Post Office as not deliverable. On 24 June 2003, the assistant clerk of superior court entered an order allowing foreclosure. The clerk's order indicates that all of the parties were served pursuant to the provisions of N.C. Gen. Stat. § 45-21.16 (2005) by the Sheriff of Henderson County posting notice of foreclosure. The Return of Service indicates that all six (6) of the respondents were served by posting the Notice on the front door of 231 Hyder Drive, Mountain Home, North Carolina 28758, on May 16, 2003. However, the Garrens' address was not 231 Hyder Drive, but was 233 Hyder Drive, Mountain Home, North Carolina 28758.

Thereafter, at the foreclosure sale, plaintiff was the highest bidder and the substitute trustee conveyed to plaintiff by deed the entire 3.43-acre tract of land. On 26 September 2003, plaintiff conveyed the entire 3.43-acre tract of land to defendant Gray by Special Warranty Deed.

On 2 September 2004, plaintiff filed a complaint to judicially reform the asserted errors made during the course of these various transactions. In its complaint, plaintiff first requested a declaratory judgment to reform the deed of conveyance from plaintiff to defendant Gray on the grounds that plaintiff had only contracted to sell defendant Gray a 2.6-acre tract of land; but instead, due to a mistake, conveyed to Gray the entire 3.43-acre tract of land. Plaintiff's second claim requested a separate declaratory judgment against the Garrens, wherein plaintiff alleged that, due to a mistake, it had inadvertently foreclosed upon the property of the Garrens. Plaintiff sought a declaratory judgment to correct the previous judgment foreclosing upon the property of the Garrens in File #03 SP 391, Henderson County. Additionally, plaintiff sought a declaratory ruling that the Deed of Trust on the Garrens' property still constituted a valid and continuing first deed of trust and first lien of record upon the property. Finally, plaintiff asserted a third claim for relief against all defendants and sought a declaratory ruling correcting the previous mistakes, and reforming the various instruments referenced in the Complaint to place the parties in legal positions in accordance with their original intentions. Defendant Gray filed an answer generally

denying that any mistakes were made in the various proceedings and conveyances.

Following a bench trial, which only included the testimony of plaintiff's litigation specialist, Deborah Guffey, the trial court made the following pertinent findings of fact:

1. On June 9, 1997, a Deed of Trust was recorded in the Henderson County, North Carolina Register of Deeds office (hereinafter, "Henderson Registry") in Book 701, page 459 with the grantor of said deed of trust being Danny M. Banks, and wife, Dawn D. Banks, and the beneficiary being Associate Financial Services of America, Inc. (now known as CitiFinancial Mortgage Co.) (hereinafter "Associates" or ["]CitiFinancial"). This deed of trust conveyed a 3.43 acre tract of land to secure a loan in the amount of $90,475.87.

2. Sometime prior to January 15, 1999, defendants Teresa R. Garren and husband, Clint S. Garren (hereinafter, "Garrens") agreed to purchase a 1 acre portion of the 3.43 acre tract described in Book 701, Page 459, Henderson Registry. Prior to January 15, 1999, Citifinancial had consented to this transaction and agreed to record a Release Deed releasing said 1 acre tract from the deed of trust recorded in Book 701, page 459, Henderson Registry.

3. The Release Deed to release said 1 acre tract from the deed of trust recorded in Book 701, page 459, Henderson Registry was never recorded.

4. On January 15, 1999, Banks, in error, recorded a deed conveying 3.43 acres to the Garrens by deed recorded in Book 976, page 399, Henderson Registry. Thereafter, on February 8, 1999, a deed of correction was recorded in Book 978, page 488, Henderson Registry, correcting the deed from Banks to Garren recorded in Book 976, page 399 from 3.43 acres to 1 acre.

5. On January 15, 1999, the Garrens, as grantors, conveyed a deed of trust to Associates as beneficiary of the 3.43 acre tract to plaintiff to secure a loan in the amount of $60,776.72. This deed of trust was recorded in Book 800, page 420, Henderson Registry. The description of the property in said deed of trust was in error as it should only have been the 1 acre tract described in the Deed of Correction recorded in Book 978, page 488, Henderson Registry.

6. Thereafter, on May 13, 2003, a Notice of Hearing on foreclosure of the deed of trust recorded in Book 701, page 459 was filed in the office of the Clerk of Henderson County, North Carolina bearing docket number 03 SP 391.

. . . .

10. The Garrens never received proper and legal service of process with regard to the foreclosure bearing docket number 03 SP 391, Henderson County, and therefore the purported foreclosure as to the Garrens and/or their 1 acre tract of land as described in Book 978, page 488 is ineffective and of no force and effect.

Based upon, *inter alia*, the above findings, the trial court concluded, in pertinent part, that:

2. This Court has the equitable power to reform any and all deeds and deeds of trust referred to herein in order to reflect the true intentions of the parties and to restore property inadvertently foreclosed upon as stated herein.

Accordingly, the trial court ordered, in relevant part, that:

1. The deed of trust recorded in Book 800, page 420, Henderson Registry is hereby reformed to reflect the true intentions of the parties so that the property described therein is that certain 1 acre tract recorded in Book 978, page 488, Henderson Registry.

2. The Order allowing foreclosure of the deed of trust recorded in Book 701, page 459, Henderson Registry of a 3.43 acre tract said Order bearing docket number 03 SP 391 is hereby reformed to be effective only as to an approximate 2.6 acre portion of said property. The 2.6 acre tract can be determined by reference to the Banks' original deed recorded in Book 868, page 787, Henderson Registry, less the 1 acre portion conveyed to the Garrens by deed recorded in Book 978, page 488, Henderson Registry. Any purported foreclosure of the Garrens 1 acre tract is hereby declared null and void.

3. The deed dated August 15, 2003 from Kellum and Pettit, P.A., Substitute Trustee, to Associates Mortgage and Financial Services, Inc. n/k/a Cityfinancial Mortgage Company, Inc. purporting to convey 3.43 acres to Citifinancial and recorded in Book 1150, Page 503, Henderson Registry, is hereby reformed and amended to reflect only a conveyance of the property the substi-

tute Trustee acquired by foreclosure in 03 SP 391 which included all that property described in Book 701, Page 459, Henderson Registry, less the property described in Book 978, Page 488, Henderson Registry [2.6 acres].

4. The deed dated September 26, 2003 from plaintiff to defendant Ronnie Gray purporting to convey 3.43 acres to Gray and recorded in Book 1155, page 691, Henderson Registry is hereby reformed and amended to reflect only a conveyance of the property plaintiff acquired by foreclosure in 03 SP 391 which included all that property described in Book 701, page 459, Henderson Registry, less the property described in Book 978, Page 488, Henderson Registry [2.6 acres].

Defendant Gray filed timely notice of appeal.

This Court has stated that, in a bench trial,

in which the superior court sits without a jury, 'the standard of review is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts. Findings of fact by the trial court in a non-jury trial . . . are conclusive on appeal if there is evidence to support those findings. A trial court's conclusions of law, however, are reviewable *de novo*.'

*Luna v. Division of Soc. Servs.*, 162 N.C. App. 1, 4, 589 S.E.2d 917, 919 (2004) (quoting *Shear v. Stevens Building Co.*, 107 N.C. App. 154, 160, 418 S.E.2d 841, 845 (1992)). In addition, findings of fact to which error is not assigned are binding on this Court. *Johnson v. Herbie's Place*, 157 N.C. App. 168, 180, 579 S.E.2d 110, 118, *disc. review denied*, 357 N.C. 460, 585 S.E.2d 760 (2003).

[1] In defendant's first argument on appeal, Gray contends the trial court erred by equitably reforming the following written instruments because plaintiff failed to present clear and convincing evidence of any mistake in: (1) the 15 January 1999 deed of trust in which the Garrens conveyed the entire 3.43-acre tract of land to plaintiff to secure a loan, which was reformed to reflect 1.0 acre; (2) the foreclosure of the deed of trust, recorded in Book 701, Page 459, Henderson County registry that conveyed 3.43 acres, which was reformed to reflect 2.6 acres and also decreed that the Garrens 1.0 acre was unaffected; (3) the 15 August 2003 deed in which, after the foreclosure sale, the substitute trustee conveyed to plaintiff the entire 3.43 acre tract of land, which was reformed to reflect 2.6 acres;

CITIFINANCIAL MTGE. CO. v. GRAY

[187 N.C. App. 82 (2007)]

and (4) the 26 September 2003 deed in which plaintiff conveyed the entire 3.43-acre tract of land to Gray, which was reformed to reflect 2.6 acres.

It is a well-settled principle of our jurisprudence that:

> . . . a Court of Equity, or a court exercising equitable jurisdiction, will decree the reformation of a deed or written instrument, from which a stipulation of the parties, with respect to some material matter, has been omitted by the mistake or inadvertence of the draughtsman, is well settled, and frequently applied. The equity for the reformation of a deed or written instrument extends to the inadvertence or mistake of the draughtsman who writes the deed or instrument. If he fails to express the terms as agreed upon by the parties, the deed or instrument will be so corrected as to be brought into harmony with the true intention of the parties. All the authorities are agreed, says *Hoke, J.*, in *King v. Hobbs*, 139 N.C. 170, 51 S. E. 911, that a deed or written instrument will be reformed so as to express the true intent of the parties when by a mistake or inadvertence of the draughtsman a material stipulation has been omitted from the deed or instrument as written. If the deed or written instrument fails to express the true intention of the parties, it may be reformed by a judgment or decree of the Court, to the end that it shall express such intent whether the failure is due to mutual mistake of the parties, to the mistake of one, and the fraud of the other party, or to the mistake of the draughtsman.

*Crawford v. Willoughby*, 192 N.C. 269, 271, 134 S.E. 494, 495 (1926) (internal citations omitted).

Accordingly, our Supreme Court further articulated:

> The party asking for relief by reformation of a deed or written instrument, must allege and prove, first, that a material stipulation, as alleged, was agreed upon by the parties, to be incorporated in the deed or instrument as written, and second, that such stipulation was omitted from the deed or instrument as written, by mistake, either of both parties, or of one party, induced by the fraud of the other, or by the mistake of the draughtsman. Equity will give relief by reformation only when a mistake has been made, and the deed or written instrument because of the mistake does not express the true intent of both parties.

*Id.* at 271-72, 134 S.E. at 495-96.

In the case *sub judice*, there was competent record evidence presented of mistake due to the inadvertence of the draftsmen of the challenged instruments. Therefore, the trial court did not err by utilizing its equitable powers to reform the instruments in order to effectuate the original intent of the parties. Specifically, the duly recorded document entitled "Explanation Statement to Correct Obvious Minor Error(s) Made in an Instrument as Originally Recorded Re: Book 976 Page 399" put all purchasers on constructive notice that the conveyance from the Banks to the Garrens should have been the one acre tract that the Banks agreed to sell and the Garrens agreed to purchase.[1] *See Kraft v. Town of Mt. Olive,* 183 N.C. App. 415, 419, 645 S.E.2d 132, 136 (2007) ("[T]his Court has held that a purchaser will have constructive notice of all duly recorded documents that a proper examination of the title should reveal.") (citing *Stegall v. Robinson,* 81 N.C. App. 617, 619, 344 S.E.2d 803, 804 (1986)).

Additionally, at the hearing, plaintiff's default litigation specialist, Deborah Guffey, testified as follows:

Q: Okay. Now, subsequent to that, did [plaintiff] get information regarding the fact that Mr. Banks wanted to convey a portion of this property to one of his relatives, Ms. Garren?

A: Yes. . . . . They went to a branch and got approval for a loan, the Garrens did, and for the one acre.

Q: And what was supposed to happen with regard to the fact that there was already a deed of trust on this property of 3.43 acres?

A: We were supposed to do a partial release of that, of the one acre.

. . . .

Q: Was it the intention of [plaintiff] at that time to release this one acre from the effects of the deed of trust recorded in Book 701 at page 459,—

. . . .

---

1. Irrespective of whether the instrument recorded on 8 February 1999 was made in accordance with narrow requirements of N.C. Gen. Stat. § 47-36.1 (2005), the statute simply provides one avenue for correction of the instrument. *See* N.C. Gen. Stat. § 47-36.1 ("[A]n obvious typographical or other minor error in a deed or other instrument recorded with the register of deeds <u>may</u> be corrected by rerecording the original instrument with the correction clearly set out on the face of the instrument and with a statement of explanation attached.") (underlining added). Thus, the instrument's recordation placed purchasers on constructive notice of its contents.

A:  Yes. We were to do that partial release.

. . . .

Q:  And the description of that property, is that stated in that deed book and page number as 3.43 acres?

A:  Right; yes, sir.

Q:  Was that in error?

A:  Yes, sir. It was only supposed to be one acre.

Q:  So you acknowledge that—the security was only supposed to be one acre and they [the Garrens] were supposed to only own one acre at that time?

A:  Yes sir.

On direct examination, Guffey further testified as follows regarding the transaction from plaintiff to Gray:

Q:  Was it just the Banks property that was supposed to be advertised and sold?

A:  Yes, sir.

Q:  And that was the roughly 2.6 acres?

A:  Yes.

Q:  And as far as you know, is that what he did?

A:  Yes.

Q:  And I believe there was an offer received by Mr. Gray to purchase the property . . . .

A:  Yes, sir.

Q:  And then a deed was prepared and a deed—and property sold to Mr. Gray?

A:  Yes, sir.

Q:  Was the deed in error?

A:  Yes.

Q:  Why was the deed in error?

A:  The legal description's wrong.

Q:  How is it wrong?

A: It's conveying more property than we had a right to sell.

Q: Did it convey the entirety of the 3.43 acres?

A: Yes, sir.

Q: And was it only supposed to contain the property of Mr. Banks, which was approximately 2.6 acres?

A: Yes, sir.

Consequently, the record evidence reveals the following essential facts and circumstances surrounding the intent and understanding of the parties to the subject instruments, which adequately show the mistake of the draftsman who was entrusted to prepare the instruments. *Bank of Union v. Redwine*, 171 N.C. 559, 566, 88 S.E. 878, 882 (1916) (citation omitted): (1) The Garrens agreed to purchase and the Banks agreed to sell a one-acre tract of the Banks' 3.43-acre tract of land; (2) Plaintiff agreed to release only one acre of the 3.43-acre tract of the Banks' land; (3) The Garrens therefore had notice from the deed they received from the Banks that it incorrectly conveyed the entire 3.43 acres; (4) Regarding the Garren's deed of trust to plaintiff of 15 January 1999, the Garrens knew that they could only convey the one-acre of land as collateral for the deed of trust and plaintiff knew it could receive only the one-acre tract of land as collateral; (5) Plaintiff had both actual and constructive notice that the conveyance from the substitute trustee to it of the entire tract of 3.43-acres, instead of the 2.6 acres, was in error, and the substitute trustee had constructive notice of the same; and (6) plaintiff had actual and constructive notice of the proper amount of acreage to deed to Gray, and Gray had constructive notice of the same.

Thus, the parties on both sides of the transactions of each instrument possessed mutuality regarding one of the essential terms of the transaction, namely, the amount of acreage to convey. Each instrument in the chain of title bears evidence of a facial mistake, and the record reveals no reason other than inadvertence or oversight on the part of the drafter of the instruments to explain the omission of the accurate and bargained for acreage of land. *See Bank of Union*, 171 N.C. at 566, 88 S.E. at 882 (holding that reformation of the deed was proper where the deed bore evidence of a facial mistake and that in the absence of a mistake of the draftsman of the instrument, the record revealed no other evidence to explain the same); *see also Rutledge v. Smith*, 45 N.C. 283, 285 (1853) (plaintiff had "plain equity" to have mistake corrected where omission of word "heirs" in deed of

trust was an oversight.). Consequently, the record contains competent evidence to support the trial court findings that the subject instruments were in error and the findings, in turn, support the conclusion that the trial court had the equitable authority to reform the challenged instruments in order to reflect the true intention of the parties. The relevant assignments of error are overruled.

**[2]** Defendant next contends the trial court erred by finding that the Garrens never received proper service of process and therefore the purported foreclosure as to the Garrens' one-acre tract of land was ineffective. Defendant contends that the trial court could not have decided the issue of whether the Garrens received proper service, because this issue was not properly before the trial court. We note that plaintiff made no allegation in the complaint that the Garrens failed to receive proper service. However, plaintiff offered evidence to the trial court regarding the failure of notice to the Garrens to which defendant did not object. Pursuant to N.C. Gen. Stat. § 1-A, Rule 15(b) (2005), the trial court could properly decide the matter. However, even if the matter was not properly before the trial court, defendant is still not entitled to any relief because, as discussed previously, we concluded that the trial court had the equitable authority to reform the instruments due to the multiple draftsmen errors in the chain of title. Additionally, we concluded that plaintiff had actual and constructive notice of the acreage to be conveyed to defendant and Gray had constructive notice of the acreage that should have been conveyed to him. Regardless of whether the foreclosure was effective or ineffective, the trial court still retained the authority to reform the instruments. The deed to defendant Gray by plaintiff was properly reformed to reflect the true intentions of the parties.

**[3]** In defendant Gray's final argument on appeal, he contends the trial court erred by bifurcating the trial into two parts. However, this argument was not properly preserved for appellate review. "Assignments of error . . . in support of which no reason or argument is stated or authority cited, will be taken as abandoned." N.C.R. App. P. 28(b)(6); *Wilson Ford Tractor, Inc. v. Massey-Ferguson, Inc.,* 105 N.C. App. 570, 574, 414 S.E.2d 43, 46, *aff'd,* 332 N.C. 662, 422 S.E.2d 576 (1992). As defendant has not cited any authority in support of this argument, it is deemed abandoned and we do not address it.

Affirmed.

Judges McGEE and STEPHENS concur.