GARRY L. DRAKE AND WANDA H. DRAKE, PLAINTIFFS v. W. ERIC HANCE AND DEBRA A. HANCE, DEFENDANTS

No. COA08-849

(Filed 3 March 2009)

**1. Deeds— action to reform—parol evidence—ambiguity**

The trial court did not err in considering parol evidence in an action to reform a deed where the purchase contracts included the street address and described the property as "#15 Legacy Lake" but included deed references that described both lots 15 and 11.

**2. Deeds— action to reform—parol evidence—draftsman's mistake**

The trial court did not err by admitting parol evidence to reform a deed where defendants argued that the deed was an

integrated document. Parol evidence is competent to show the true intentions of the parties if a party can show a mutual mistake in the execution of a deed, and the evidence here of an error by the draftsman was strong, cogent, and convincing.

Appeal by defendants from an order and judgment entered 7 April 2008, *nunc pro tunc* 9 September 2005, by Judge Russell J. Lanier, Jr. in Union County Superior Court. Heard in the Court of Appeals 14 January 2009.

*Erwin and Eleazer, P.A., by L. Holmes Eleazer, Jr., Fenton T. Erwin, Jr., and Amy N. Bokor, for plaintiffs-appellees.*

*Franklin S. Hancock, for defendants-appellants.*

CALABRIA, Judge.

W. Eric and Debra A. Hance ("defendants") appeal an order and judgment that reforms a deed due to a mutual mistake of fact in the legal description of the property. We affirm.

On 15 June 2005, the defendants entered into an Offer to Purchase and Contract ("the contract") with Garry L. and Wanda H. Drake ("plaintiffs") for the purchase of plaintiffs' home ("the home") at 3301 Chancellor Drive, Union County, Monroe, North Carolina ("the street address"). The property was described in the contract as "#15 Legacy Lake (ALL of the property in Deed Reference: Book 1137, Page 244, Union County)." Although the contract only specifically mentioned the purchase of lot 15, the recorded deed described both lot 15 Legacy Lake and lot 11, Legacy Lake. On 16 June 2005, the parties entered into a new contract for the purchase of the same real property since the parties increased the purchase price and plaintiffs agreed to pay the closing costs. The new contract included the street address and the property was described in the same manner as the first contract.

Lot 15 and lot 11 are not adjacent lots. Lot 15 is the property on which the home is located. Lot 11 is a vacant lot located across the street from lot 15. As a result of the legal description, plaintiffs acquired both lots at the same time, since both lots were included in the legal description of the same deed.

In preparation for closing, the closing attorney prepared the deed, deeds of trust, prorated taxes, certified title, and procured title

DRAKE v. HANCE

[195 N.C. App. 588 (2009)]

insurance. The legal description on the deed transferring ownership from plaintiffs to defendants was similar to the prior deed. The new deed also described the property as "Lot 11 and 15, Legacy on the Lake." After the closing, the deed and the deeds of trust were recorded on 9 September 2005 in Union County. Eight months later, when plaintiffs contracted to sell lot 11 to a third party they learned lot 11 had been included in the transaction with defendants. Plaintiffs communicated this mistake to defendants.

After attempts to correct the mistake were unsuccessful, plaintiffs filed a complaint in August 2006 alleging that both lots were mistakenly conveyed to defendants, because they intended only to convey lot 15. Plaintiffs alleged that the conveyance resulted from a mutual mistake of fact and requested the court reform the deed to reflect the intended transaction between the parties. The defendants denied any mistake of fact regarding the deed involved in the transaction.

Prior to trial, defendants filed a motion *in limine* objecting to the trial court's consideration of extrinsic evidence to reform the deed. The court denied defendants' motion and admitted extrinsic evidence to ascertain the intentions of the parties. The trial court ordered reformation of the deed conveying lots 11 and 15 by deleting lot 11. Therefore, only lot 15 remained. The defendants appealed.

On appeal, the standard of review is whether competent evidence supports the trial court's findings of fact and whether the findings of fact support the court's conclusions of law. The findings of fact are conclusive if supported by competent evidence. The court's conclusions of law are reviewed *de novo*. *CitiFinancial Mtge. v. Gray*, 187 N.C. App. 82, 88, 652 S.E.2d 321, 324 (2007).

The defendants make two separate but connected arguments. They argue first that the trial court erred by allowing plaintiffs to present evidence which directly contradicted and modified the sales contracts between the parties where all of the documents executed prior to the sale clearly described the property to be conveyed. Second, defendants argue that the trial court erred by considering extrinsic evidence to modify the deed.

## I. Parol Evidence

[1] The defendants argue that the trial court erred by allowing plaintiffs to present evidence which directly contradicted and modified the sales contracts previously made between the parties where all of

the documents executed prior to the sale clearly described the property to be conveyed. We disagree.

> The parol evidence rule is not a rule of evidence but of substantive law. . . . It prohibits the consideration of evidence as to anything which happened prior to or simultaneously with the making of a contract which would vary the terms of the agreement. Generally, the parol evidence rule prohibits the admission of evidence to contradict or add to the terms of a clear and unambiguous contract. Thus, it is assumed the [parties] signed the instrument they intended to sign[,] . . . [and, absent] evidence or proof of mental incapacity, mutual mistake of the parties, undue influence, or fraud[,] . . . the court [does] not err in refusing to allow parol evidence[.]

*Thompson v. First Citizens Bank & Tr. Co.*, 151 N.C. App. 704, 708-09, 567 S.E.2d 184, 188 (2002) (internal citations and quotations omitted).

"If the writing itself leaves it doubtful or uncertain as to what the agreement was, parol evidence is competent . . . to show and make certain what was the real agreement between the parties; and in such a case what was meant, is for the jury, under proper instructions from the court." *Cleland v. Children's Home*, 64 N.C. App. 153, 156, 306 S.E.2d 587, 589 (1983). "The parol evidence rule prohibits the admission of parol evidence to vary, add to, or contradict" the terms of an integrated written agreement, *Hall v. Hotel L'Europe, Inc.*, 69 N.C. App. 664, 666, 318 S.E.2d 99, 101 (1984), though "an ambiguous term may be explained or construed with the aid of parol evidence." *Vestal v. Vestal*, 49 N.C. App. 263, 266-67, 271 S.E.2d 306, 309 (1980).

In the present case, the contracts for the purchase of the home included the street address and described the property as "#15 Legacy Lake" but also included deed references describing both lots 15 and 11:"[a]ll of the property in Deed Reference: Book 1137, Page No. 244, Union County." Given this ambiguity the trial court did not err in considering parol evidence to explain or construe the legal description.

## II. Deed reformation

**[2]** Defendants argue the trial court erred by ordering reformation of the deed between the parties where the deed was an integrated document. We disagree.

A deed is a written document that on its face conveys title or an interest in real property. *Williams v. Board of Education*, 284 N.C.

588, 201 S.E.2d 889 (1974). A deed is an integrated document and the parties may not introduce oral or written evidence to contradict its terms. *Guy v. Guy*, 104 N.C. App. 753, 756, 411 S.E.2d 403, 405 (1991).

However, if a party can show a mutual mistake was made in the execution of a deed, in this case due to the error of the draftsman, parol evidence is competent evidence to show the true intentions of the parties. If the evidence is strong, cogent, and convincing that the deed, as recorded, did not reflect the agreement between the parties due to a mutual mistake caused by a drafting error, a deed can be reformed. *Parker v. Pittman*, 18 N.C. App. 500, 505, 197 S.E.2d 570, 573 (1973). *See also Durham v. Creech*, 32 N.C. App. 55, 58-59, 231 S.E.2d 163, 166 (1977).

In the present case, the closing attorney improperly prepared the deed due to an error in his office. The court found that repeated attempts were made to contact the defendants to correct the error but were unsuccessful. More importantly, the defendants, at that time, did not dispute that an error had been made. The trial court found the closing attorney's testimony "exceptionally persuasive," and we agree.

In addition, the owner and holder of each Deed of Trust, along with the Trustee in each Deed of Trust, executed Partial Release Deeds transferring their interests in the vacant lot to defendants. The court found that "if lot 11 had been intended by the lending institution and the parties to serve as security for the obligations of defendant to it, the Partial Release Deed would not have been executed by the owner and holder of each deed of trust." The evidence of an error by the draftsman was strong, cogent, and convincing. The trial court did not err in reforming the deed based on this evidence.

Competent evidence supports the trial court's findings that the parties contracted for the sale of lot 15 only, and that the attorney erred when drafting the deed that included both lots. The trial court did not err in admitting parol evidence to determine the intent of the parties, and did not err in reforming the deed when presented evidence of the attorney's mistake.

Defendants' remaining assignment of error was not argued and is deemed abandoned pursuant to N.C.R. App. P. 28(b)(6) (2007).

Affirmed.

Judges ELMORE and STROUD concur.