**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1384**

CLARENCE B. RIDOUT,

　　　　　　　Plaintiff – Appellee,

　　　　v.

KEP MORRISVILLE REALTY, LLC, A New York limited liability
company,

　　　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (5:08-cv-00453-F)

Submitted:  January 5, 2012　　　　Decided:  January 12, 2012

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

George F. Sanderson, III, ELLIS & WINTERS, LLP, Raleigh, North
Carolina; C. Scott Meyers, ELLIS & WINTERS, LLP, Greensboro,
North Carolina, for Appellant. William Woodward Webb, THE
EDMISTEN & WEBB LAW FIRM, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clarence B. Ridout filed a Complaint in the district court alleging that KEP Morrisville Realty, LLC, ("KEP") breached a real estate contract ("the Contract") between the two parties. Ridout claimed that KEP had refused to pay ad valorem taxes on certain property, as provided under the Contract. In response, KEP asserted that it had no obligation to pay the taxes because Ridout had breached an implied Contract provision requiring him to make a reasonable effort to sell or lease the property in question. Ridout moved for summary judgment, and the district court granted Ridout's motion. KEP timely appeals.

As a threshold matter, KEP contends that the district court erred in resolving the summary judgment motion without considering two affidavits submitted by KEP. This court reviews a district court's ruling on the admissibility of an affidavit for abuse of discretion. Nader v. Blair, 549 F.3d 953, 963 (4th Cir. 2008).

Under North Carolina law,[1] the parol evidence rule prohibits consideration of evidence concerning discussions that transpired before or during execution of a contract that would vary the terms of the contract. Drake v. Hance, 673 S.E.2d 411,

_____

[1] The parties agree that under the Contract, North Carolina law applies.

2

413 (N.C. Ct. App. 2009). However, parol evidence may be admissible to help construe an ambiguous written document, or where there is evidence of mutual mistake or fraud. Id. Here, the district court correctly determined that KEP did not allege fraud, mistake, or ambiguity, and thus did not abuse its discretion in refusing to consider the affidavits in question.

Next, KEP contends that the district court erred in granting summary judgment to Ridout. We review a district court's grant of summary judgment de novo. Brandt v. Gooding, 636 F.3d 124, 132 (4th Cir. 2011). A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For a non-moving party to present a genuine issue of material fact, "[c]onclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the non-moving party's] case." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted).

KEP asserts that the district court erred in granting summary judgment to Ridout based on its conclusion that the Contract did not explicitly or implicitly require Ridout to make reasonable efforts to sell or lease the property designated as the New Ridout Property. KEP asserts that the Contract, taken

3

as a whole, imposes that obligation on Ridout and that otherwise the obvious intent of the parties is thwarted.

In North Carolina, to determine the intent of the parties, a court considers "the language used, the situation of the parties, and objects to be accomplished." Carter v. Barker, 617 S.E.2d 113, 116-17 (N.C. App. 2005). A contract not only encompasses "its express provisions but also all such implied provisions as are necessary to effect the intention of the parties unless express terms prevent such inclusion." Lane v. Scarborough, 200 S.E.2d 622, 624 (N.C. 1973). "If it can be plainly seen from all the provisions of the instrument taken together that the obligation in question was within the contemplation of the parties when making their contract or is necessary to carry their intention into effect, the law will imply the obligation and enforce it." Id. at 625. However, when the language of a contract "is plain and unambiguous, the construction of the agreement is a matter of law; and the court may not ignore or delete any of its provisions, nor insert words into it, but must construe the contract as written." Hodgin v. Brighton, 674 S.E.2d 444, 446 (N.C. Ct. App. 2009).

Our review of the record convinces us that the district court correctly interpreted the plain language and purpose of the Contract, and held that the parties did not intend to imply into the Contract a term obligating Ridout to

4

make reasonable efforts to sell or lease the New Ridout Property. Therefore, the court did not err in granting summary judgment to enforce KEP's unambiguous obligation to pay the ad valorem taxes.[2]

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[2] KEP's claim that Ridout did not act in good faith in exercising his discretion not to lease or sell the New Ridout Property also fails. As discussed above, Ridout had no obligation under the Contract to make efforts to sell or lease the New Ridout Property, and therefore his decision to retain the property cannot be found unreasonable or lacking in good faith.