An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of A p p e l l a t e   P r o c e d u r e .

NO. COA13-1038
NORTH CAROLINA COURT OF APPEALS

Filed: 1 April 2014


WELLS FARGO BANK, N.A.,
     Plaintiff,

v.                                    Rockingham County
                                      No. 12 CVS 1522
BAMBI T. HUNDLEY, WILLIAM C.
HUNDLEY, DAVID M. TOLBERT, and
VICKI M. TOLBERT,
     Defendants.


     Appeal by Plaintiff from order entered 14 May 2013 by Judge

Edwin G. Wilson, Jr., in Rockingham County Superior Court.

Heard in the Court of Appeals 5 February 2014.


     *The Law Office of John T. Benjamin, Jr., P.A., by John T.
     Benjamin, Jr., and James R. White, for Plaintiff.*

     *Ivey, McClellan, Gatton & Talcott, LLP, by Darren A.
     McDonough, for Defendants.*


     STEPHENS, Judge.


                *Procedural History and Factual Background*

     On 28 August 2012, Plaintiff Wells Fargo Bank, N.A., filed

a complaint seeking a declaratory judgment, to quiet title, and

reformation[1] of a deed of trust along with a notice of *lis pendens*, concerning a piece of real property in Rockingham County. Defendants Bambi T. Hundley, William C. Hundley, David M. Tolbert, and Vicki M. Tolbert moved to dismiss Plaintiff's complaint pursuant to Rule of Civil Procedure 12(b)(6). Following a hearing on that motion on 25 March 2013, the trial court entered an order on 14 May 2013 dismissing Plaintiff's complaint for failure to state a claim upon which relief could be granted. Plaintiff filed a written notice of appeal on 13 May 2013, prior to entry of the court's order, and filed a second written notice of appeal on 20 May 2013.

On 18 July 2007, Bambi Hundley and David Tolbert (collectively, "the borrowers")[2] obtained a loan in the amount of $193,662 from Plaintiff to finance the construction of a

---

[1] Although the complaint does not specifically label any claim as reformation, "when the allegations in the complaint give sufficient notice of the wrong complained of an incorrect choice of legal theory should not result in dismissal of the claim if the allegations are sufficient to state a claim under some legal theory. . . ." *Haynie v. Cobb*, 207 N.C. App. 143, 149, 698 S.E.2d 194, 198 (2010) (citation, internal quotation marks, and bracket omitted). Plaintiff's complaint provides sufficient notice to Defendants of a claim for reformation. Defendants did not contend otherwise in the trial court, and specifically address the reformation claim in their brief to this Court.

[2] The other two named defendants are the spouses of the borrowers.

manufactured home on a piece of real property in Reidsville. An appraisal conducted as part of the loan process fixed the value of the land alone at $15,000 and the combined value of the land and planned home at approximately $215,000.

Upon closing the loan, the borrowers executed a note in the amount of $193,662 payable to Plaintiff. The note was secured by a deed of trust, executed by Defendants, on real property and including any later-existing improvements having a street address of 2141 Grooms Road, Reidsville, North Carolina 27320. Exhibit A attached to the deed of trust described the property as "[l]ying and being in Williamsburg Township on the North Side of Grooms Road, S.R. #2571" and further delineated by a metes and bounds description.

The borrowers subsequently defaulted on the loan. Plaintiff sought an order from the court allowing a foreclosure sale of the property. The clerk of superior court in Rockingham County entered an order to allow the foreclosure sale on 27 August 2010, and the foreclosure sale was finalized on 3 December 2010, conveying the property back to Plaintiff as the last and highest bidder.

A survey obtained after the foreclosure was concluded revealed that the home financed by the loan, although having a

street address of 2141 Grooms Road in Reidsville, had been constructed just north of the approximately one-acre tract described in the metes and bounds description in Exhibit A to the deed.[3] Realizing that the portion of the property covered by the metes and bounds description did not include the home and was thus worth only a small fraction of the $193,662 promissory note, Plaintiff instituted this action.

In their answer, Defendants alleged the following affirmative defenses: (1) Plaintiff's lack of standing to bring the action; (2) the three-year statute of limitations contained in section 1-52(9); (3) waiver, estoppel, and unclean hands; and (4) payment and release. In their motion to dismiss pursuant to Rule 12(b)(6) and at the hearing before the trial court, Defendants alleged only that, because the foreclosure sale had been completed, Plaintiff was no longer a lender, but rather was now merely a purchaser. Accordingly, Defendants contended that no causes of action would permit Plaintiff to obtain the relief sought, to wit, reformation of the property description attached to the deed of trust. The trial court dismissed all of Plaintiff's claims, and this appeal ensued.

---

[3] Nothing in the record suggests that the parties intended that the deed of trust cover anything other than the one-acre tract described in Exhibit A and the house to be built thereupon.

*Standard of Review*

The standard of review of an order granting a 12(b)(6) motion is whether the complaint states a claim for which relief can be granted under some legal theory when the complaint is liberally construed and all the allegations included therein are taken as true. On a motion to dismiss, the complaint's material factual allegations are taken as true. Dismissal is proper when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim. On appeal of a 12(b)(6) motion to dismiss, this Court conducts a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct.

*Burgin v. Owen*, 181 N.C. App. 511, 512, 640 S.E.2d 427, 428-29 (citations and internal quotation marks omitted), *disc. review denied and appeal dismissed*, 361 N.C. 425, 647 S.E.2d 98, *cert. denied*, 361 N.C. 690, 652 S.E.2d 257 (2007).

*Discussion*

On appeal, Plaintiff argues that the trial court erred in dismissing its claims for (1) reformation of the deed of trust, (2) a declaratory judgment, and (3) to quiet title. We agree.

*I. Reformation of the Deed of Trust*

> Reformation is a well-established equitable remedy used to reframe written instruments where, through mutual mistake or the unilateral mistake of one party induced by the fraud of the other, the written instrument fails to embody the parties' actual, original agreement. A mutual mistake is one common to both parties to a contract . . . wherein each labors under the same misconception respecting a material fact, the terms of the agreement, or the provisions of the written instrument designed to embody such agreement. Reformation is proper to give effect to the terms of the contract the parties originally agreed upon provided there is clear, cogent and convincing evidence of the parties' intentions to contract upon these terms.

*Metropolitan Prop. & Cas. Ins. Co. v. Dillard*, 126 N.C. App. 795, 798, 487 S.E.2d 157, 159 (1997) (citations and internal quotation marks omitted; alteration in original). The purchaser of real property at a foreclosure sale may bring an action for declaratory judgment and to reform alleged errors in deeds or other documents executed during transactions affecting the real property even if those transactions predated the foreclosure sale. *See Citifinancial Mortg. Co. v. Gray*, 187 N.C. App. 82, 85, 652 S.E.2d 321, 322 (2007) (upholding the trial court's judgment where a lender who, like Plaintiff here, was also eventually the purchaser of property at a foreclosure sale, obtained reformation of deeds, foreclosure judgments, and other

transaction documents affecting the real property purchased at the foreclosure sale).

Here, Plaintiff's complaint sufficiently stated a claim for reformation based upon mutual mistake. The complaint specifically alleges that (1) the parties all intended that Plaintiff's loan to the borrowers be secured by a deed of trust which would include the property on which the home would be constructed, (2) due to a mutual mistake of the parties, the deed of trust inaccurately described the property to exclude the portion on which the home was constructed, and (3) Plaintiff has no adequate remedy at law. Further, like the lender/purchaser in *Citifinancial Mortg. Co.*, Plaintiff, as purchaser of the property at a foreclosure sale, has standing to bring a claim for reformation. Accordingly, Plaintiff's complaint sufficiently stated a claim for reformation of the deed of trust.

On appeal, Defendants do not contend that Plaintiff's complaint failed to include the allegations required to state a claim for reformation. Instead, Defendants argue their own allegations regarding weaknesses in the merits of Plaintiff's claim and its forecast of evidence. These matters are not relevant to the question of whether Plaintiff's complaint is

sufficient to survive dismissal on a Rule 12(b)(6) motion, and thus we do not consider them.

*II. Declaratory Judgment*

> A motion to dismiss for failure to state a claim is seldom appropriate in actions for declaratory judgments, and will not be allowed simply because the plaintiff may not be able to prevail. The motion is allowed only when there is no basis for declaratory relief, as when the complaint does not allege an actual, genuine existing controversy. A claim for declaratory relief is sufficient if the complaint alleges the existence of a real controversy arising out of the parties' opposing contentions and respective legal rights under a deed, will or contract in writing.

*Morris v. Plyler Paper Stock Co.*, 89 N.C. App. 555, 557, 366 S.E.2d 556, 558 (1988) (citation and internal quotation marks omitted).

Here, the complaint alleges that Plaintiff owns the real property located at 2141 Grooms Road in Reidsville and that the property includes the home constructed thereon. The complaint alleges that Defendants assert that Plaintiff does not own the portion of the property including the home. Thus, "the complaint alleges the existence of a real controversy arising out of the parties' opposing contentions and respective legal rights under a deed[.]" *See id.* Thus, Plaintiff's complaint sufficiently stated a claim for a declaratory judgment.

*III. Quiet Title*

"The statutory action to quiet title to realty consists of two essential elements. The first is that the plaintiff must own the land in controversy, or have some estate or interest in it; and the second is that the defendant must assert some claim to such land adverse to the plaintiff's title, estate or interest." *Wells v. Clayton*, 236 N.C. 102, 107, 72 S.E.2d 16, 20 (1952) (citations omitted). Here, the complaint alleges that Plaintiff owns the real property in controversy and that it held a deed of trust secured by the property. The complaint also alleges that Defendants claim an interest in the same real property adverse to Plaintiff's interest. Accordingly, Plaintiff's complaint sufficiently stated a claim to quiet title.

While we express no opinion as to the merits of Plaintiff's claims, we conclude that the trial court erred in dismissing the complaint pursuant to Rule 12(b)(6). Accordingly, the order is

REVERSED.

Judges BRYANT and DILLON concur.

Report per Rule 30(e).