PERKINS, T.R., Associate Judge.
Jimmy D. Fowler and Job Site Services, Inc., a Florida corporation (“the Borrowers”), appeal the trial court’s final summary judgment of foreclosure in favor of TD Bank, N.A. (“Bank”). The Borrowers collectively executed four mortgages on their four parcels of real property located in Citrus County, Florida, including a homestead property, a commercial property, and two rental properties. On appeal, they contend that the rental properties were never intended to secure the second and fourth mortgages. We conclude that a material issue of fact exists as to which properties the second and fourth mortgages intended to encumber. Accordingly, we reverse the trial court’s- final summary judgment concerning whether the rental properties secure the second and fourth mortgages, but affirm in all other respects.
Mr. Fowler obtained a loan secured by a mortgage on the parcel located at 11060 S. Pleasant Grove Rd., in Inverness, Florida (“the homestead property”). The homestead property, approximately 11.9 acres, was specifically described in the mortgage by its street address and legal description. Shortly thereafter, Mr. Fowler obtained a second loan, also secured by a mortgage on the homestead property. Again, the homestead property was specifically described in the mortgage by its street address and legal description. However, the legal description also described two adjoining but separate parcels located at 4205 and 4183 E. Stage Coach Trail (“the rental properties”). The mortgage did not identify or refer to the rental properties by then-street addresses.
Nearly two years later, Mr. Fowler obtained a third loan secured by a mortgage on the parcel located at 2240 N. Skeeter Terrace, in Hernando, Florida (“the commercial property”). The mortgage specifically listed the commercial property’s street address and legal description. The Borrowers then obtained a fourth loan the following year, secured by a mortgage on the homestead property and the commercial property. The mortgage identified the homestead property and the commercial property by their street addresses and legal descriptions; however, it also included the legal descriptions for the two rental properties.
*571 The Borrowers later defaulted on their mortgage payments, and Bank sought to foreclose all four mortgages. When Bank moved for summary judgment, the Borrowers filed an opposing affidavit, contending that the rental properties were never intended to secure the second and fourth loans. Bank countered that the legal descriptions, describing the encumbered property, clearly and unambiguously included the rental properties, and, thus, the affidavit did not raise a material issue of fact. Thereby, Bank was entitled to judgment as a matter of law. The trial court agreed, entering summary judgment in Bank’s favor, finding that the Borrowers had not raised an issue of material fact to avoid entry of the judgment. The trial court incorrectly concluded that, since the rental properties were clearly included in the legal descriptions of the second and fourth mortgages, the parol evidence rule precluded the Borrowers’ defense.
A summary judgment is only proper “if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law.” Volusia Cty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). Conflicts in the evidence are sufficient to preclude summary judgment. See Reeves v. N. Broward Hosp. Dist., 821 So.2d 319, 321 (Fla. 4th DCA 2002).
Here, in the second and fourth mortgages, a conflict exists between the street addresses used to identify the mortgaged properties and the legal descriptions. This conflict creates an ambiguity as to which properties were intended to be encumbered by these two mortgages. See, e.g., Boyer v. Sinclair & Rush, Inc., 67 S.W.3d 627, 631 (Mo.Ct.App.2002) (holding that real estate sales contract stating only one address but describing parcels of land at two addresses was ambiguous); Drake v. Hance, 195 N.C.App. 588, 673 S.E.2d 411, 413-14 (2009) (finding ambiguity where contracts for purchase of home included street address of one property but also included deed references describing more than one lot). Accordingly, the Borrowers’ affidavit addressing this ambiguity and the parties’ intent to include the rental properties as collateral for the second and fourth mortgages raised an issue of material fact. This material issue of fact prevents summary judgment and necessitates reversal of the trial court’s judgment for Bank. Thus, the trial court’s final summary judgment is reversed regarding whether the rental properties secure the second and fourth mortgages, but is otherwise affirmed.
AFFIRMED in part; REVERSED in part; and REMANDED.
EVANDER and EDWARDS, JJ., concur.